

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00130-CR
_____

CHAD RUSSELL GEORGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR03481

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Chad Russell George was placed on community supervision pursuant to a plea agreement in three separate cause numbers—one charge of injury to a child, for which he was sentenced to ten years' imprisonment, and two separate charges of endangering a child, for which he was sentenced to two years' imprisonment on each charge.[1] The trial court suspended George's sentences and placed him on community supervision for a period of ten years for the first charge and a period of five years for the two separate charges. The State subsequently moved to revoke George's community supervision and sought adjudication, alleging, as to his charge of endangering a child, that George failed to pay required fees and fines, and failed to report for the months of January, February, and March of 2025. George pled true to the first allegation and partially true to the second. After a hearing on the State's motion to revoke, the trial court found allegation two to be true as to George's failure to report in February and March, revoked George's community supervision, adjudicated his guilt, and sentenced him to two years imprisonment for endangering a child. George appeals.

George's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of

---

[1]This appellate cause number addresses a charge of endangering a child, trial court cause number CR03481. In companion cause number 06-25-00128-CR, George appeals his conviction for injury to a child in trial court cause number CR03479. In companion cause number 06-25-00129-CR, George appeals his conviction for endangering a child in trial court cause number CR03480.

*Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On December 2, 2025, counsel mailed to George copies of the brief, the motion to withdraw, and a printed copy of the record. George was informed of his rights to review the record and file a pro se response. On December 3, 2025, this Court informed George that his pro se brief, if any were to be filed, was due on or before January 2, 2026. On January 13, 2026, we notified George that this cause was set for submission on the briefs on February 3, 2026. On January 20, 2026, George filed a motion requesting additional time to file his pro se response, which was granted, giving him until February 19, 2026, to file a pro se response. George's response was received on February 17, 2026, and the case was re-set for submission on the briefs on March 10, 2026.

We have reviewed the entire appellate record and George's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

3

We affirm the trial court's judgment.[2]

                                        Jeff Rambin
                                        Justice

Date Submitted:     March 10, 2026
Date Decided:       March 13, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.